**IN THE COURT OF APPEALS OF IOWA**

No. 22-0057
Filed April 13, 2022


**IN THE INTEREST OF L.E.,**
**Minor Child,**

**L.E., Minor Child,**
　　　Appellant,

**C.E., Mother,**
　　　Appellant.

_____


Appeal from the Iowa District Court for Des Moines County, Emily S. Dean, District Associate Judge.


A mother and child appeal the termination of the mother's parental rights to the child. **AFFIRMED ON BOTH APPEALS.**


Heidi D. Van Winkle of Van Winkle Law Office, Burlington, for appellant mother.

Kimberly A. Auge of The Auge Law Firm, Fort Madison, attorney and guardian ad litem for appellant minor child.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.


Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**VAITHESWARAN, Judge.**

A mother and child appeal the termination of the mother's parental rights to the child, born in 2010. Both contend (1) the district court "erred in finding that an additional period of time would not correct the situation"; (2) the State failed to prove the child could not be returned to the mother's custody pursuant to Iowa Code section 232.116(1)(f) (2021); and (3) termination was not in the child's best interests.[1]

A district court "may deny termination and give the parent an additional six months for reunification only if the need for removal 'will no longer exist at the end of the additional six-month period.'" *In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021) (quoting Iowa Code § 232.104(2)(b)). There is scant evidence to support an extension.

The department of human services afforded the family voluntary services in 2017 "due to concerns of substance use." The mother admitted she began using methamphetamine almost twenty-nine years before the termination hearing.

The district court ordered the child's removal in the spring of 2017 and adjudicated the child in need of assistance shortly thereafter. The child was returned to the mother's care, removed, and returned, all in the same year. That cycle continued in ensuing years. The child was removed for a final time in the summer of 2020. The mother failed to appear for drug tests during the remainder of 2020 and into 2021. When asked why she was requesting additional time to

---

[1] The mother also asserts the department of human services failed to make reasonable reunification efforts. She does not elaborate. Although we could deem the issue waived, we conclude the department made reasonable reunification efforts that resulted in several reunifications.

reunify, she expressed hope that she would "still be clean" and said she would "keep working towards being clean."

The mother's commendable hope and desire for sobriety must be weighed against her history of relapses. As the department stated, the mother's "current sobriety does not signify an established long-term commitment to sobriety. [The mother] has demonstrated a consistent pattern of behavior in the past that indicates how she will act in the future." That pattern in the face of "4 years of services, court oversight, substance abuse treatment, [and] mental health evaluations" supports the district court's implicit denial of the mother's request for additional time.

The four-year cycle of reunification, relapse, and removal despite the receipt of services also supports the district court's decision to terminate the mother's parental rights pursuant to Iowa Code section 232.116(1)(f). Although the mother made progress toward the end and testified she was "fully invested in [her] sobriety," she equivocated on whether the child could be returned to her care at the time of the termination hearing, stating, "I don't see it happening" and, in the same breath, "I mean, I—I do—yes." Whatever her true beliefs, similar progress in the past was short-lived. In the district court's words, "there is a difference between abstaining from the use of a drug and establishing long-term sobriety," and the mother failed to "demonstrate[ ] any ability in the last almost five years to completely dedicate herself to true sobriety." On our de novo review, we conclude the State proved the child could not be returned to the mother's custody.

Termination also was in the child's best interests. *See* Iowa Code § 232.116(2). While the department acknowledged that the child objected to

termination, a provider testified the objection stemmed from the mother's statements to the child that "it wouldn't be much longer before he would be able to come home." A department employee reiterated that point, stating the child received "a lot of mixed messages from his mom throughout this case and it g[ave] him false hope." Mixed messages aside, the record establishes the mother was in no position to safely parent the child. As the district court stated, she failed to demonstrate "any ability to provide for [the child's] physical, mental and emotional needs long-term throughout almost five years of services." We conclude termination was in the child's best interests.

**AFFIRMED ON BOTH APPEALS.**